## Brown, et al. v. Rice.

(Decided January 29, 1918).

## Appeal from Johnson Circuit Court.

Sales—Verbal Sale of Personal Property—Rights of Creditor of Vendor Who Retains Possession.—Where a purchaser of personal property verbally agrees that another person shall be the owner of it, this agreement will not affect the rights of a creditor or a mortgagee of the purchaser whose debts were created without notice of the verbal agreement while the property was in the possession of the purchaser.

WHEELER & WHEELER for appellants.

VAUGHAN & HOWES for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming as to Cox and reversing as to Brown & Company.

Rice brought this suit against Cox in the Johnson circuit court to recover two mules, a wagon and a set of harness, and damages for their detention, claiming that he was the owner of this property, which was in the possession of and wrongfully detained by Cox.

While this suit was pending, Brown & Company filed suit against Cox seeking to recover from him $240 and also seeking to enforce three mortgage liens on the mules. The suits of Rice v. Cox and Brown & Co. v. Cox were consolidated, and after the answers had been filed and the evidence taken, the court adjudged that Rice was the owner of the mules, wagon and harness and entitled to the proceeds of the sale of the mules, which had been sold by order of court pending the litigation, and to the possession of the wagon and harness. The court dismissed the counter-claim of Cox against Rice for three hundred dollars in damages, and gave Brown & Company a personal judgment against Cox, but denied them a lien by virtue of their mortgages on the mules.

From the judgment awarding the proceeds of the mules and the possession of the wagon and harness to Rice and dismissing the counter-claim of Cox, this appeal is prosecuted by Cox; and Brown & Company ask that they be granted an appeal from the judgment holding that they did not have a mortgage lien on the mules.

It appears from the evidence that Rice had a mortgage on a mule owned by Cox; that this mule was traded,

in April, 1906, to a man named Hager for the two mules in controversy in this suit, Cox agreeing to pay the difference between the value of the mule he let Hager have and the value of the two mules he got from Hager. In this trade between Cox and Hager, Rice released his mortgage on the mule Cox traded to Hager and also signed as surety of Cox a note to Hager for the difference between the value of the mules. It also appears that after this Rice paid to Hager the amount of the note on which he was surety, thereby, in effect, paying the whole of the purchase price of the two mules.

After Cox secured these two mules, they remained in his possession and were used and worked by him until this suit was brought on July 12, 1907. Cox says there was an agreement that he should execute a mortgage to Rice on the two mules to secure Rice, but that no mortgage was executed; while Rice says that it was agreed between him and Cox that the mules should be his property, although they were to remain in the possession of Cox. Brown & Company, claiming that they knew nothing of this private arrangement between Rice and Cox, took from Cox to secure debts he had contracted three mortgages on the two mules, in good faith believing Cox owned them, and the evidence supports this claim.

Now the contention of Cox and Brown & Company is that the title to the mules did not vest in Rice at any time, but that at all times they were the property of Cox, and so he had the right to mortgage them to Brown & Company; that Rice had only a personal claim against Cox for the amount Cox owed him.

Cox says that he traded for these two mules in April, 1906; and it appears that he executed three mortgages on the mules to Brown & Company; one for $125, dated June 10, 1907; the second for $75, dated June 27, 1907; the third for $40, dated July 8, 1907, but this last one was not acknowledged or recorded.

After carefully reading the record, we are of the opinion that, although as between Rice and Cox, Rice should be treated as the owner of the mules, he should not be considered as the owner of them as against the mortgages of Brown & Company. It is shown in the evidence that Cox bought the mules; that he assessed them for taxation, and that Rice did not assess them; that Cox always had them in his possession; and Hager, from whom the mules were bought, said that Rice told him the note

executed for the mules was Cox's debt, although he, Rice, would have to pay it. In addition to this, in August, 1907, Cox and Rice entered into a written agreement concerning a logging contract, in one clause of which it was stipulated that if Cox showed good faith in carrying out the contract, Rice would surrender his claim on the mules, provided that Cox reimbursed him for the amount he had to pay; and it was further stipulated that if Cox showed a disposition to carry out the contract but could not pay the amount paid by Rice for the mules, then Rice agreed to continue the suit he had brought for their recovery and give Cox until the next term of court to pay him the money that he had paid on account of the mules.

In short, the agreement between Rice and Cox, that Rice should be considered the owner of the mules, was a mere verbal agreement, and it does not appear that Brown & Company had any actual notice of it at the time the mortgages were taken; and, although the mortgage for forty dollars was not acknowledged or recorded, it, nevertheless, evidenced a debt due by Cox to Brown & Company, and this debt having been contracted without any notice of the verbal agreement between Cox and Rice by which Rice was to be the owner of the mules, it takes precedence over his claim to ownership, as Cox had been continuously in the possession of the mules and exercising the usual acts of ownership over them from the time of their purchase in April, 1906. See section 1908 of the Kentucky Statutes.

There is no substantial merit in the counter-claim of Cox against Rice.

Wherefore, on the appeal of Cox, the judgment is affirmed. Brown & Company are granted an appeal, and the judgment denying them a lien by virtue of their mortgages on the mules, is reversed, with directions to enter a judgment giving them so much of the money realized from the sale of the mules as may be necessary to satisfy their mortgage debts, together with interest and costs.